UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>SATICOY BAY LLC SERIES 9387 STOCK STREET,<br><br>　　　　Defendant(s). | Case No.: 2:19-cv-00199-APG-NJK<br><br>**ORDER** |

Pending before the Court is an order for Defendant and its counsel to show cause why sanctions should not be imposed for their failure to comply with the deadline to respond to the complaint. Docket No. 12. Defendant and its counsel filed a response. Docket No. 15. The Court set the matter for a hearing to be held on April 4, 2019. *See* Docket No. 16. In the interim, the parties stipulated to dismiss this case and that stipulation has been granted. *See* Docket No. 18.[1]

The gist of the reasons provided by counsel is that the failure to comply with the above deadline or properly seek an extension was inadvertently caused by his inability to keep up with his workload and personal obligations. *See id.* at 2, 3-4. Taking on more work than an attorney can handle is assuredly not justification for failing to comply with clear deadlines. *See Olesczuk v. Citizens One Home Loans*, 2016 U.S. Dist. Lexis 153342, at *6 n.3 (D. Nev. Nov. 4, 2016)

---

[1] Notwithstanding the dismissal of this case, the Court retains jurisdiction to address earlier misconduct. *See, e.g.*, *Gfeller v. Doyne Med. Clinic, Inc.*, 2015 WL 5210392, at *9 n.13 (D. Nev. Sept. 3, 2015).

1

(citing *Greene v. Alhambra Hosp. Med. Ctr.*, 2015 U.S. Dist. Lexis 72697, at *3 (D. Nev. June 3, 2015)); *see also U.S. Bank N.A. v. SFR Invs. Pool 1, LLC*, 2018 U.S. Dist. Lexis 17378, at *1 (D. Nev. Feb. 2, 2018). Attorneys Michael Bohn and Adam Trippiedi are hereby **ADMONISHED** for failing to comply with the deadline to respond to the complaint and failing to seek an extension of that deadline after the initial stipulation was denied. The Court expects Mr. Bohn and Mr. Trippiedi to take proper precautions to ensure that all deadlines are met in the future.[2]

In all other respects, the order to show cause is **DISCHARGED**. The show cause hearing is **VACATED**.

IT IS SO ORDERED.

Dated: March 28, 2019

Nancy J. Koppe
United States Magistrate Judge

---

[2] The Court also notes what appear to be inconsistencies in Mr. Trippiedi's representations to the Court or—at the very least—misleading statements. *Compare* Docket No. 15 at 2 ("On March 1, 2019, Magistrate Judge Koppe denied the stipulation and order for various reasons. **Mr. Trippiedi intended to re-circulate the stipulation and order with the correct information**. However, on March 8, 2019, when Magistrate Judge Koppe filed the minute order, Mr. Trippiedi realized he had not re-circulated the stipulation and order" (emphasis added)) *with id.* at 7 (declaration from Mr. Trippiedi that "I did not timely review Magistrate Judge Koppe's minute order filed March 1, 2019 (ECF 11). **By the time I realized my mistake, it was March 8, 2019**, and I saw Magistrate Judge Koppe's order to show cause filed March 8, 2019" (emphasis added)). The Court reminds Mr. Trippiedi that attorneys are officers of the Court from whom candor is required. *See* Fed. R. Civ. P. 11(b); *see also* Fed. R. Civ. P. 11(c) (providing for sanctions).